**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CV 10-2104-PHX-MHM (DKD) |
|---|---|---|
| Plaintiff, | ) | No. CR 05-1127-PHX-MHM |
| v. | ) | **ORDER** |
| Paul Richard Butts, | ) | |
| Defendant/Movant. | ) | |

On September 30, 2010, Movant Paul Richard Butts, who is confined in the Federal Correctional Institution-Beaumont in Beaumont, Texas, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will call for an answer to the § 2255 Motion.

**I.    Procedural History**

Movant was convicted by a jury of Distribution of Child Pornography and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(3) and (b)(1), and 2256, and 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2), and 2256. On December 10, 2008, the Court sentenced Movant to a 220-month term of imprisonment followed by life on supervised release.

On December 15, 2008, Movant filed a Notice of Appeal to the Ninth Circuit Court of Appeals. On January 4, 2010, the Ninth Circuit issued a mandate affirming Movant's conviction.

**II.    Section 255 Motion**

In his § 2255 Motion, Movant raises three grounds for relief:

1     (1)    The trial court erred when it denied Movant's motion to suppress evidence
2             resulting from a search conducted after the search warrant had expired;
3     (2)    Movant was denied equal protection of the law during trial; and
4     (3)    Movant's trial counsel was ineffective in violation of the Sixth Amendment.

5     Movant raised the issue of suppression of evidence in his direct appeal. Issues which
6 have been raised on direct appeal and decided adversely to a petitioner are not reviewable
7 in the movant's subsequent § 2255 proceeding, absent a showing of manifest injustice or a
8 change in the law. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976); see also
9 United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979). No such showing has been made
10 in this case. The Court will therefore dismiss Ground One of the § 2255 Motion.
11     The Court will require a response to Grounds Two and Three of the § 2255 Motion.

12 **III.**    **Motion**

13     Movant has also filed a "Request of Interrugatory" (sic) in which he asks for
14 discovery. Respondent has not been served or filed an answer to Movant's § 2255 Motion.
15 Movant's request for discovery is therefore premature and will be denied.

16 **IV.**    **Warnings**

17     **A.**    **Address Changes**

18     Movant must file and serve a notice of a change of address in accordance with Rule
19 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other
20 relief with a notice of change of address. Failure to comply may result in dismissal of this
21 action.

22     **B.**    **Copies**

23     Movant must serve Respondent, or counsel if an appearance has been entered, a copy
24 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
25 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit
26 an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may
27 result in the filing being stricken without further notice to Movant.
28

### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Ground One of the § 2255 Motion is **dismissed**.

(2) Movant's Motion for Discovery (Doc. 3) is **denied**.

(3) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in 10-2104-PHX-MHM (DKD)) and this Order on the United States Attorney for the District of Arizona.

(4) The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(5) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer Grounds Two and Three of the § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(6) Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

. . .

. . .

. . .

. . .

1  (7) The matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3  recommendation.

4  DATED this 22nd day of November, 2010.

Mary H. Murguia
United States District Judge