IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 05-1127-PHX-DGC |
| Plaintiff/Respondent, | CV 10-2104-PHX-DGC (DKD) |
| vs. | **REPORT AND RECOMMENDATION** |
| Paul Richard Butts, | |
| Defendant/Movant. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Paul Richard Butts filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 30, 2010. In his motion, he raises two grounds for relief. First he argues that the execution of a search warrant and the subsequent denial of his motion to suppress evidence obtained from the search violated his right to equal protection. He also argues that he was denied the effective assistance of counsel.[1] The government argues that the first ground raised in Butts' motion is not reviewable and the

---

[1] He also argued that the trial court's denial of his motion to suppress the evidence obtained from the search violated the fourth amendment and the due process clause of the fifth and fourteenth amendments. The district court dismissed that ground in its November 29, 2010 Order. *See* Doc. 4. In dismissing this ground, the district court stated that Butts had unsuccessfully raised the issue of suppression of evidence in his direct appeal, and it was therefore not reviewable absent a showing of manifest injustice or a change in the law, which had not been established in this case.

second ground is without merit. The Court agrees and recommends that his motion be denied. Butts subsequently filed two additional motions. In the first motion, he asks the Court to remove the government's attorney from the case. In the second motion, he requests the admission of and notice of certain facts. The Court will deny both motions.

Following a jury trial, Butts was convicted of multiple counts of possession of child pornography and one count of distribution of child pornography, and sentenced to concurrent terms of 220 months and 120 months, respectively. Butts appealed the denial of his motion to suppress; the judgment of the district court was affirmed in a memorandum decision. *See United States v. Paul Richard Butts*, 357 Fed. Appx. 850, 2009 WL 4884356 (C.A. 9 (Ariz.)). (Doc. 11, Exh 1).

In his first ground, Butts contends that the district judge violated his right to equal protection under the law. He contends that the district judge showed "intentional and purposeful discrimination in her writs and handling of the case" in ruling on the motion to suppress (Doc. 1 at 11). In addition, he argues that the government's attorney and the FBI agent assigned to the case exceeded their authority in connection with the execution of the search warrant (*Id*. at 12). This issue was fully briefed and decided adversely to Butts on appeal. He is therefore precluded from relitigating the issue in a § 2255 motion. *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999).

In his second ground, Butts argues that counsel was unprepared and did not argue the suppression issue aggressively either at trial or on appeal. The record contradicts his assertion. Butts' first attorney filed a motion to suppress; his second attorney cross-examined three FBI agents and a police detective at the evidentiary hearing, and filed an appellate brief arguing the issue thoroughly. Butts has failed to establish any deficient performance, much less that the result would have changed if defense counsel had acted differently. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In his motion to remove the government's attorney, Butts cites no authority to support his request. In addition, his stated reasons concern the attorney's actions regarding the search warrant, a ground earlier dismissed by the district court. In his motion requesting the

1 admission of and notice of certain facts, he requests that the Court order the government's
2 attorney to make certain admissions.  In addition, he appears to be requesting that the Court
3 take judicial notice of these admissions.  Again, these admissions relate to the actions of the
4 attorney regarding the execution of the search warrant, a ground earlier dismissed by the
5 district court.

6 **IT IS THEREFORE ORDERED denying** Paul Richard Butts' motion to remove
7 the government's attorney (Doc. 5).

8 **IT IS FURTHER ORDERED denying** Butts' request for admission of and notice
9 of facts (Doc. 13).

10 **IT IS RECOMMENDED** that Butts' Motion to Vacate, Set Aside or Correct
11 Sentence be **denied** (Doc. 1).

12 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
13 to proceed *in forma pauperis* on appeal be **denied** either because denial of the motion is
14 justified by a plain procedural bar and jurists of reason would not find the ruling debatable,
15 or because Butts has not made a substantial showing of the denial of a constitutional right.

16 This recommendation is not an order that is immediately appealable to the Ninth
17 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
19 parties shall have fourteen days from the date of service of a copy of this recommendation
20 within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1);
21 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
22 days within which to file a response to the objections.  Failure timely to file objections to the
23 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
24 and Recommendation by the district court without further review.  *See United States v.*
25 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
26 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
27 to appellate review of the findings of fact in an order or judgment entered pursuant to the
28 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

1  DATED this 17th day of February, 2011.

_____
David K. Duncan
United States Magistrate Judge

- 4 -