**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Richard Butts,<br><br>　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Defendant/Movant. | No.　CR05-1127 PHX DGC<br>　　　CV10-2104-PHX-DGC<br><br>**ORDER** |

Petitioner Paul Richard Butts moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. Magistrate Judge David K. Duncan filed a Report and Recommendation ("R&R") that habeas relief and a certificate of appealability ("COA") be denied. Doc. 14. Petitioner objects to the R&R's findings and moves for a COA. Docs. 17, 18. Petitioner does not request oral argument. Docs. 17, 18. For the reasons that follow, the Court will accept the R&R and deny the motions.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner was convicted in federal court of possessing and distributing child pornography, and was sentenced to imprisonment for 28 years and 4 months. Doc. 14 at 2. On direct appeal, Petitioner argued that the trial court improperly denied his motion to

suppress evidence. *Id.* at 2:7-9 (citing *United States v. Butts*, 2009 WL 4884356 (9th Cir. 2009)). The Ninth Circuit affirmed the trial court after *de novo* review. *Id.* Petitioner seeks to relitigate the matter by arguing, as his first ground for habeas relief, that the district judge violated his right to equal protection. *Id.* The R&R concluded that the matter cannot be relitigated on habeas review. *Id.* As to Petitioner's second ground for relief – ineffective assistance of counsel at trial and on appeal – the R&R concluded that Petitioner failed to establish deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. 14 at 2. Petitioner objects that the R&R's findings were frivolous and failed to respond to his arguments. Doc. 17. Although the objection is somewhat general, the Court will engage in *de novo* review of the R&R.

*United States v. Scrivner* held that an issue raised and decided on direct appeal is binding on an appellate panel's review of denial of habeas relief. 189 F.3d 825, 828 (9th Cir. 1999). *Scrivner* was decided under the "law of the case" doctrine. *Id.* The court also noted, in the context of a § 2255 petition, that Ninth Circuit law precludes relitigation of a matter adversely decided on direct appeal from a federal conviction. *Id.* at n.1 (citing *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985), and *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979)). *Redd* and *Currie* clearly hold that matters decided on direct appeal in a federal conviction cannot be collaterally attacked in a subsequent § 2255 proceeding. *Redd*, 759 F.2d at 701 (noting that petitioner "raised this precise claim in his direct appeal, [that] this court expressly rejected it[, and that] this claim cannot be the basis of a § 2255 motion" (citing *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975))); *Currie*, 589 F.2d at 995 (noting that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding" (citing *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972))).

Petitioner argues that the trial court's failure to suppress evidence violated his constitutional rights. Doc. 17. Petitioner raised this issue on direct appeal, and the Ninth Circuit ruled against him. Petitioner cites no retroactive change in the law. *E.g.*, *Redd*, 759 F.2d at 701; *Currie*, 589 F.2d at 995.

Petitioner's objection summarily addresses his second ground for relief by making the following statement: "The Strickland Standard has been proven with the Court's own words, 'You didn't even put on any evidence.'"  Doc. 17 at 4 (emphasis in original). This statement, cited without context or reference to the record, is insufficient to satisfy *Strickland* because a defense attorney's decision not to put on evidence is not always deficient and prejudicial.  *See, e.g., Silva v. Woodford*, 279 F.3d 825, 846 (9th Cir. 2002) ("Given the strong possibility that the introduction of certain types of mitigating evidence by the defense could lead to damaging rebuttal evidence . . . , his counsel exercised reasonable judgment in refraining from introducing any evidence whatsoever during the penalty phase.").  Petitioner has failed adequately to object to the R&R on the ineffective assistance recommendation.

The R&R recommends that a COA be denied.  Doc. 14 at 3.  Petitioner filed a motion requesting a COA, but does not make specific objections to the R&R's recommendation.  Doc. 18.  The Court will accept the R&R and deny the COA.  *See* § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *Reyna-Tapia*, 328 F.3d at 1121.

**IT IS ORDERED:**

1. The R&R (Doc. 14) is **accepted**.
2. Petitioner's motion for relief under § 2255 (Doc. 1) is **denied**.
3. Petitioner's motion for a COA (Doc. 18) is **denied**.
4. The Clerk shall terminate this action.

Dated this 29th day of April, 2011.

_____
David G. Campbell
United States District Judge