**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Richard Butts,<br><br>　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Defendant/Movant. | No.　CR05-1127 PHX DGC<br>　　　CV10-2104-PHX-DGC<br><br>**ORDER** |

On May 20, 2011, pro se Petitioner Paul Richard Butts filed an objection to this Court's April 29 order denying habeas relief (Doc. 19). Doc. 21. The Court will treat the filing as a motion for reconsideration. *In re 1982 Sanger*, 738 F.2d 1043, 1046 (9th Cir. 1984) ("The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested.").

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Finally, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). Where service of the order was achieved by mail, a court adds three (3) days to this deadline, Fed. R. Civ. P. 6(d), for a total of 17 days.

Petitioner's motion is untimely under LRCiv. 7.2(g)(2), having been filed 21 days after the order it seeks to reconsider and having failed to show good cause for the late filing. Moreover, after considering all of the arguments made in the motion, the Court concludes the motion fails to show manifest error and fails to show new facts or authority. The motion will therefore be denied on both grounds. Although the Court need not discuss in detail each argument made by the motion, the Court briefly will address three of the arguments.

First, Petitioner argues that "the District Court seems to be dismissing all his claims without reading his motions and without cause." Doc. 21 at 1. Petitioner appears to excerpt the following statement from the Court's order as a basis for reaching this conclusion: "Petitioner filed a motion requesting a COA, but does not make specific objections to the R&R's recommendation." *Id.* This excerpt relates to the R&R's recommendation regarding the certificate of appealability ("COA"), not to the recommendations on the substantive merits. The Court reviewed the substantive merits *de novo*. Doc. 19 at 2:8-10 ("Petitioner objects that the R&R's findings were frivolous and failed to respond to his arguments. . . . Although the objection is somewhat general, the Court will engage in *de novo* review of the R&R.").

Second, Petitioner argues that this Court erred in deciding that Petitioner's factual basis for the ineffective assistance of counsel claim was a citation from the trial court excerpted without context or reference to the record. Doc. 21 at 2. Petitioner urges that the excerpt was from page 92, line 6, and was made during closing argument in the suppression hearing. *Id.* Petitioner misunderstands the Court's decision. The flaw in Petitioner's ineffective assistance claim was not the technical failure to cite to a transcript page: the flaw is that the trial court's statement "You didn't even put on any evidence"

does not necessarily show a viable ineffective assistance of counsel claim. The trial court's statement was cited by Petitioner without context or reference to the record. The transcript clearly shows the judge was not berating Petitioner's counsel for failing to put on evidence, but rather was noting that counsel introduced no evidence to support the general argument that Petitioner's Fourth Amendment rights were violated such that the exclusionary rule was triggered. Doc. 11-2 at 90. Petitioner does not show that such evidence existed and that his attorney failed to present it. In fact, the evidence of which Petitioner complains – i.e., evidence of prosecutorial misconduct by virtue of the prosecutor telling an agent to execute a warrant one day later than the date on the warrant – was introduced by the prosecution (Doc. 11-2 at 25-26) and was therefore before the trial judge. Petitioner clearly cited the trial court's statement without context or reference to the record.

Third, in urging reconsideration of the denial of a COA, Petitioner argues that "[r]easonable [j]urists could differ as to whether counsel was ineffective by refusing to argue at any point or in any motion the ob[v]ious abuses of power and misconduct of Ms. Sexton." Doc. 21 at 2. This argument does not present new facts or law, and Petitioner has failed to show that the Court's denial of a COA was manifest error in light of the record and the arguments made by Petitioner's motions.

**IT IS ORDERED** that Petitioner's motion (Doc. 21) is **denied**.

Dated this 20th day of June, 2011.

_____
David G. Campbell
United States District Judge